NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-CV-32-KKC

CARL EDWARD WOODRUM, JR.                                              PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

CITY OF FRANKFORT, KENTUCKY, ET AL.                              DEFENDANTS

    The plaintiff, Carl Edward Woodrum, Jr., who is presently confined in the Franklin County Correctional Complex ("FCCC") in Frankfort, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 [Record No. 1], and an application to proceed *in forma pauperis* [Record No. 2]. The motion to proceed *in forma pauperis* will be addressed by separate Order.

    This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

    To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

    This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See*

*Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The named defendants are: (1) the City of Frankfort, Kentucky; (2) the Franklin County Clerk's Office; and (3) Janice Marshall, the Clerk of the Franklin Circuit Court.

## CLAIMS

The plaintiff has not alleged what constitutional right of his the defendants allegedly violated, but the Court broadly construes his complaint as raising a due process/property interest claim under the Fourteenth Amendment of the United States Constitution, as applied to the states. The plaintiff alleges that Janice Marshall, the Clerk of the Franklin Circuit Court, committed gross negligence by mailing legal documents, containing the plaintiff's Social Security number, to "persons charged with felony offenses." [Complaint Form, §IV (B)] The plaintiff states that he is concerned about these individuals having his Social Security number in their possession. He states that he fears he will suffer "unrepairable" damage and that he may be charged with criminal charges.

The plaintiff does not specifically state that Marshall allegedly sent his legal documents to other inmates confined in the FCCC. Construing the complaint liberally, however, the Court assumes that the plaintiff is alleging that when Marshall mailed his legal papers to him, she negligently mailed them to another FCCC inmate(s).

## RELIEF REQUESTED

Plaintiff seeks the following relief: (1) a "civil trial"; (2) an order holding the named defendants accountable for their actions; and (3) a "judgment" in an unspecified amount.

DISCUSSION

The complaint suffers from several fatal deficiencies which require dismissal. The Court will discuss each basis of dismissal.

1. Negligence Insufficient Under §1983

The plaintiff alleges that Janice Marshall acted with "gross negligence" when she mailed the plaintiff's legal documents to "persons charged with felony offenses." Constitutional claims asserted under 42 U.S.C. §1983 must, however, be premised on more than mere negligence, or even gross negligence, as alleged by the plaintiff. In *Collins v. City of Harker Heights*, 503 U.S. 115, 112 S.Ct. 1061, 117 L. Ed.2d 261 (1992), the Supreme Court held that gross negligence is not the type of government action needed to support a Section 1983 claim.

The Sixth Circuit has consistently adopted this rationale. "Gross negligence is not actionable under §1983, because it is not 'arbitrary in the constitutional sense.'" *Lewellen v. Metropolitan Gov't of Nashville*, 34 F.3d 345, 351 (6th Cir.1994) ("But the injuries suffered by plaintiff Lewellen, like the death of Mr. Collins, resulted from what at worst was gross negligence. Gross negligence is not actionable under §1983, because it is not 'arbitrary in the constitutional sense.'(citing *Collins*, 112 S.Ct. at 1071)".); *Gazette v. City of Pontiac*, 41 F.3d 1061 (6th Cir. 1994).[1]

The instant plaintiff's gross negligence claims may arise under state law negligence theories.

---

[1] The Sixth Circuit summarized the issue of gross negligence and liability under §1983 as follows:

"Even if the defendants' actions were the proximate cause of Bandy's death (as we have said they were not), the defendants' actions cannot be characterized as intentional, but at most grossly negligent. Therefore, under Lewellen and Collins, the defendants' allegedly grossly negligent conduct is not sufficient to impose upon them Section 1983 liability. Gazette may have a state law claim for gross negligence, but these facts do not give rise to a constitutional tort under Section 1983."

*Gazette v. City of Pontiac*, 41 F.3d at 1066- 67.

The claims against Marshall do not amount to Fourteenth Amendment constitutional claims under 42 U.S.C. §1983. To the extent that the claims against Marshall allege a violation of Kentucky state law, not a violation of federal law or statute, the plaintiff is required to assert his claims on this issue in state court.[2] This Court has no jurisdiction over state law claims. *Long v. Bando Manufacturing of America*, 201 F.3d 754, 759 (6th Cir. 2000) (plaintiff's wrongful discharge claims were dismissible because wrongful discharge is a state law claim); *see also Baldridge v. Kentucky-Ohio Transportation, Inc.*, 983 F.2d 1341 (6th Cir. 1993) (district court properly remanded a wrongful discharge action to state court). Accordingly, the plaintiff's claims against Janice Marshall are dismissed without prejudice to his asserting these claims in state court.

## 2. Damages Are Speculative

Another fatal component of the complaint lies in the fact that the injuries of which the plaintiff complains are purely speculative. A court must have an actual, existing controversy before it. To satisfy Article III's standing requirements, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L. Ed.2d 610 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119

---

[2] The Court notes a corollary to this conclusion. To the extent that the claim implicates a deprivation of an interest in property (*i.e.*, a right to privacy), the plaintiff has not demonstrated a due process claim for the alleged loss because he cannot show that state remedies are inadequate to remedy the loss. *See Hudson v. Palmer*, 468 U.S. 517, 530-36, 104 S.Ct. 3194, 82 L. Ed.2d 393 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir.1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir.1993). *Harris v. Truesdell*, 79 Fed.Appx. 756, 758 - 759, 2003 WL 22435646, **2 (6th Cir. (Mich.).

L. Ed.2d 351 (1992)); *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 523-24 (6th Cir. 2001). The plaintiff's allegations of possible identity theft and/or criminal prosecution are based on pure conjecture, not existing facts.

### 3. County Not Liable

To the extent that the plaintiff asserts claims against the Franklin County Circuit Clerk's Office, he asserts a claim against the governing body of Franklin County, which is the Franklin County Fiscal Court. The plaintiff's claims against the Franklin County Fiscal Court fail to state a claim upon which relief can be granted, because a municipality cannot be held liable under the theory of *respondeat superior*. *See Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L. Ed.2d 626 (1997). To prevail on a claim of city liability under §1983, a plaintiff must establish: 1) deprivation of a Constitutional right; 2) that the city had a policy or custom; and 3) that the city was the moving force behind the constitutional violation. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 56 L. Ed.2d 611 (1978). The plaintiff has not alleged the existence of any of these factors. To the contrary, he has alleged an isolated act of negligence at the hands of the Franklin Circuit Court Clerk.

The language of §1983 does not create municipal liability "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Garretson v. City of Madison Heights*, 407 F.3d 789, 795 (6th Cir. 2005) citing *Monell* 436 U.S. at 691. Additionally, "a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Id*; *see also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997) ("While a municipality may be held liable under 42 U.S.C. §1983 for a constitutional violation directly attributable to it, §1983 does not impose

vicarious liability on a municipality for the constitutional torts of its employees."); *Swanson v. Livingston County*, 121 Fed.Appx. 80, 85, 2005 WL 95737, **5 (6th Cir. (Mich.) January 19, 2005) (not selected for publication in the Federal Reporter) ("Also unavailing is Swanson's §1983 claim alleging that the County discriminates on the basis of gender in its hiring and promotion decisions--first and foremost because she has not identified any custom, policy, or practice of sexual harassment on the part of Livingston County. *See Monell v. Dep't of Social Servs. of City of New York* (citation omitted).").

The plaintiff has not alleged that the Franklin County Fiscal Court had a policy or custom which violated her constitutional rights, or that the Franklin County Fiscal Court was the moving force behind the alleged constitutional violations. In light of that, the complaint fails to state a claim against the named defendants, and the claim against the Franklin County Fiscal Court must be dismissed without prejudice.

### 4. City of Frankfort Not Liable

The plaintiff's claims against the City of Frankfort must be dismissed for two reasons. First, the plaintiff states absolutely no claim whatsoever against the City of Frankfort. The factual basis of his claims arise from alleged actions of Janice Marshall, the Franklin Circuit Court, and, construed broadly, the Franklin County Fiscal Court. The plaintiff alleges no facts which implicate or involve wrongdoing on the part of the City of Frankfort.

Broad and conclusory allegations will not support a claim under §1983 and are insufficient to raise a genuine issue of material fact. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). In the instant case, the claims against the City of Frankfort are not even broad and conclusory--they are non-existent. He simply named the City of Frankfort as a defendant

without setting forth any factual basis for doing so. When a plaintiff generally alleges that he has been deprived of rights, privileges secured by the federal Constitution and/or laws and/or amendment thereto, but the plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Secondly, even assuming that the plaintiff had alleged unconstitutional acts on the part of the City of Frankfort (which he did not), there would be no basis to impose liability against the City of Frankfort under 42 U.S.C. §1983. "Despite being 'persons' for the purposes of §1983, municipalities are not 'liable for every misdeed of their employees and agents.'" *Alkire v. Irving*, 330 F.3d 802, 814-15 (6th Cir.2003) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir.1993)). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." *Monell*, 436 U.S. at 694.

Similar to the analysis of the plaintiff's dismissed claims against the Franklin Circuit Clerk's Office, the Court concludes that for the plaintiff to hold the City of Frankfort liable, "he must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire*, 330 F.3d at 815 (citing *Garner*, 8 F.3d at 364). As the plaintiff has not even alleged the existence of any of the requisite factors under *Monell*, his claims against the City of Frankfort must be dismissed without prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the 24th day of June, 2005.

Signed By:

*Karen K. Caldwell* KKC

United States District Judge